IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BBC CHARTERING & LOGISTIC GmbH & CO. K.G., BELUGA CHARTERING GmbH, REEDEREI HEINO WINTER, *in personam*, and the M/V BELUGA ENDURANCE, *in rem* | } } } } } } | |
| Plaintiffs, | } } | |
| VS. | } } | CIVIL ACTION NO. H-06-1169 |
| SIEMENS WIND POWER A/S and SIEMENS POWER GENERATION, INC. (f/k/a SIEMENS WESTINGHOUSE POWER GENERATION) | } } } } } | |
| Defendants. | } | |

## OPINION & ORDER OF DISMISSAL

Pending before the court in this declaratory judgment action is Defendants Siemens Wind Power A/S ("SWP") and Siemens Power Generation, Inc.'s ("SPG's") motion for discretionary dismissal (Doc. 29). Plaintiffs BBC Chartering & Logistic GmbH & Co. KG. ("BBC"), Beluga Chartering GmbH ("Beluga"), Reedereiverwaltung Heino Winter GmbH & Co. K.G. ("Heino Winter"),[1] KG Schiffahrtsgesellschaft MS "Martin" GmbH & Co. ("KG"), Northern Star Shipping Company Limited ("Northern Star"), *in personam*,[2] and the M/V BELUGA ENDURANCE, *in rem*, (hereafter collectively the "Vessel Interests") have filed a response in opposition to Defendants' motion (Doc. 39). For the reasons explained below, the court GRANTS Defendants' motion and shall dismiss this action on the basis of *forum non conveniens*.

---

[1]     Heino Winter was incorrectly named "Reederei Heino Winter" in the Original Complaint.

[2]     KG and Northern Star were added as plaintiffs in the Second Amended Complaint for Declaratory Judgment (Doc. 8).

1

I.        BACKGROUND & RELEVANT FACTS

SWP contracted with BBC in the form of a Liner Booking Note for the carriage of 130 wind turbine components aboard BBC vessels over fifteen (15) voyages from Aarhus, Denmark to Houston, Texas. (*See* Boxall Aff. ¶ 5, Doc. 20 Ex. 1; Damsboe Stmt. ¶ 1, Doc. 29 Ex. A). This suit arises out of alleged damage to a cargo of wind turbine blades carried aboard the M/V BELUGA ENDURANCE on one of these voyages.

BBC, the carrier, is a German corporation with its office and principal place of business in Leer, Germany. (Damsboe Stmt. ¶ 4, Doc. 29 Ex. A ). SWP, the shipper, is a Danish corporation located in Brande, Denmark. The wind turbine blades were bound for SWP's affiliate, SPG, which is based in Orlando, Florida. (*Id.*).

All of the negotiations regarding the Liner Booking Note took place in either Denmark or Germany. (Damsboe Stmt. ¶ 4, Doc. 29 Ex. A). The Liner Booking Note incorporated BBC's house bill of lading (hereafter the "Incorporated Bill of Lading"). Included in the Incorporated Bill of Lading was the following jurisdiction clause:

> All claims against the Carrier arising from or in connection with this Bill of Lading or the underlying contract of carriage shall be brought in the court of relevant jurisdiction in Hamburg, Germany with German law to apply. Nothing in the clause shall be construed to prevent the Carrier from filing suit in any jurisdiction for claims arising under or in connection with this Bill of Lading or the underlying contract of carriage.

(Incorporated Bill of Lading ¶ 4, Doc. 20 Ex. 1-C). With respect to the voyage and cargo at issue in this case, BBC issued two additional bills of lading after the cargo was loaded aboard the M/V BELUAGA ENDURANCE: BBCH169514AH01 (Doc. 20 Ex.. 1-D) and

2

BBCH169514AH02 (Doc. 20 Ex. 1-E).  Both bills of lading contained identical jurisdiction clauses and were issued in Houston by BBC's agent, BBC (USA), LP.

Carrying the cargo of 26 wind turbine blades, each weighing 12 metric tons, required the construction of a flat rack system with cradles in which the blades could rest on deck during the voyage.  Per the parties' agreement, SWP was responsible for the design and construction of this flat rack system. (Damsboe Stmt. ¶ 8, Doc. 29 Ex. A).  BBC, in turn, was responsible for the loading, lashing, and securing of the cargo on the vessel.  (*See* Pendersen Affirmation ¶ 6, Doc. 20 Ex. 2).

With the 26 wind turbine blades on board, the M/V BELUAGA ENDURANCE set sail from Aarhus, Denmark on February 13, 2006.  That same day, the M/V BELUAGA ENDURANCE encountered heavy weather, which caused the vessel to pitch and roll about 10 degrees.  A part of the flat rack system holding the cargo failed, and several wind turbine blades collapsed on deck.  In response, the captain of the M/V BELUAGA ENDURANCE contacted BBC requesting a shelter port in order to reconstruct the flat rack system.  BBC instructed the captain to proceed to Cherbourg, France, where the M/V BELUAGA ENDURANCE docked on February 17.

Representatives from SWP and BBC arrived at Cherbourg to assess the damaged cargo.  The entire cargo was unloaded, and SWP concluded that 14 of the 26 wind turbine blades were damaged and required extensive repairs.  The undamaged cargo was restowed, and the vessel sailed for Houston, where it arrived without incident on March 12, 2006.  SWP values the damaged blades at approximately $150,000 each.

In a preemptive move, BBC and the other plaintiffs filed this declaratory action seeking a determination of whether the Vessel Interests are entitled to invoke the

$500 per package limitation of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 hist. n. (2006) (originally classified as former 46 U.S.C. app. §§ 1300 to 1315).[3] Indeed, the Vessel Interests have filed a motion for partial summary judgment to this effect, a motion that remains pending before the court.  In response to the Vessel Interests' motion for partial summary judgment and by this separate motion, the Defendants urge the court to dismiss this case on the basis of *forum non conveniens*, arguing that Houston is a highly inconvenient forum and that the more appropriate, convenient forum is Germany.  Alternatively, the Defendants ask the court to dismiss this action under its discretion to do so under the principles underpinning the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  For the reasons that follow, the court agrees that the doctrine of *forum non conveniens* applies and that this case should be dismissed for the convenience of the parties.

II.     DISCUSSION

Under the doctrine of *forum non conveniens*, "a federal trial court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum."  *See Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 828 (5th Cir. 1993) (citing *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1155 (5th Cir. 1987)).  "A court's authority to effect foreign transfers through the doctrine of *forum non conveniens* 'derives from the court's inherent power, under Article III of the Constitution, to control the administration of the litigation before it and to prevent its process from becoming an

---

[3] Section 4(5) of COGSA limits a carrier's liability for loss and damage of goods shipped to a value not to exceed $500 per "package," unless a higher value of the goods is declared and inserted in the bill of lading.

4

instrument of abuse, injustice, or oppression.'"  *Id.*  A district court's decision to grant or deny a motion to dismiss on the basis of *forum non conveniens* is reviewed only for clear abuse of discretion.  *Id.* at 835 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) and *In re Air Crash Disaster*, 821 F.2d at 1147).

A *forum non conveniens* analysis is a multi-step inquiry.  First, the court must determine whether an adequate alternative forum is available to the litigants.  *Piper Aircraft*, 454 U.S. at 254 n. 22; *Baumgart*, 981 F.2d at 835.  Second, if answering the first inquiry in the affirmative, the court must determine which forum is more appropriate by balancing a number of private and public interest factors weighing in favor of and against dismissal.  *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001) ("If the moving party carries its burden of establishing an alternate forum that is both adequate and available, then the defendant is charged with showing that dismissal is warranted because certain private and public interest factors weigh in favor of dismissal.").  "'[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice.'" *In re Air Crash*, 821 F.2d at 1162 (quoting *Koster v. Am. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527 (1947)).

The onus is on the defendant to prove all of the elements of *forum non conveniens*.  *Id.* at 1164.  Generally, there is a strong presumption in favor of a plaintiff's choice of forum.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Dtex, LLC v. BBVA Bancomer, S.A.*, 512 F. Supp. 2d 1012, 1020 (S.D. Tex. 2007), *aff'd*, No. 07-20364, 2007 U.S. App. LEXIS 27215 (5th Cir. Nov. 21, 2007).  Nevertheless, the plaintiff's choice of forum is not conclusive, and, more importantly under the facts of this case, "a foreign plaintiff's selection of an American forum is entitled to less deference

5

than an American's selection of his home forum." *In re Air Crash*, 821 F.2d at 1164 (citing *Piper Aircraft*, 454 U.S. at 254-55).

With these criteria in mind, what follows is the court's application of the *forum non conveniens* doctrine to the facts of this case.

  (A)  <u>Whether Germany is an Available and Adequate Forum</u>

An alternative forum is available when the entire case and all the parties can come within the jurisdiction of that forum. *In re Air Crash Disaster*, 821 F.2d at 1165; *Baumgart*, 981 F.2d at 835. An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. *In re Air Crash Disaster*, 821 F.2d at 1165 (citing *Piper Aircraft*, 454 U.S. at 253); *Baumgart*, 981 F.2d at 835.

Nothing in this case suggests that Germany would not be an available and adequate forum to litigate this maritime suit. BBC has acknowledged as much by requiring claims against it arising from the bill of lading to be brought in Germany with the application of German law. Nor has BBC disputed that Germany is an available and adequate forum. Finally, SWP filed a parallel proceeding in Hamburg, Germany, which concerns damage to additional SWP wind turbine blades that were carried on one of BBC's vessels pursuant to the Liner Booking Note. (*See generally* Buecker Stmt., Doc. 29 Ex. B). The German action was commenced before the Vessel Interests filed the current declaratory judgment regarding the applicability of COGSA. (*Id.* ¶ 9). The German court is currently considering whether COGSA or German Hague-Visby applies and has held that Hamburg is an appropriate forum to hear the case. (*Id.* ¶12). As such, this court finds that the entire case and all the parties can come within the jurisdiction of

the German forum and that the parties will not be deprived of all remedies or treated unfairly. Germany is, therefore, an available and adequate forum to litigate this case.

The heart of this controversy is whether Germany or Houston is the more appropriate forum. This requires the court to turn to the next part of the *forum non conveniens* analysis: the balancing of the private and public interest factors.

(B)     Whether the Private Interest Factors Weigh in Favor of Dismissal

The private interest factors are: (1) ease of access to evidence; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of a view of premises, if appropriate; and (5) any other practical factors that make trial expeditious and inexpensive. *See Gulf Oil*, 330 U.S. at 506-07.[4] The court shall address each in turn.

1.     Ease of Access to Sources of Proof

This factor strongly favors dismissal in this case. First, not one of the critical witnesses resides in the United States.[5] All of the negotiations regarding the Liner Booking Note took place in Denmark and Germany. The two main players in this litigation, SWP and BBC, are based in Denmark and Germany respectively. The damaged cargo was unloaded and inspected in France. All of the relevant documents are in Germany, Denmark, and France. Additionally, BBC has not identified any pertinent witness in Texas. Thus, a Houston forum affords highly restrictive access to sources of proof in this matter.

---

[4] The court also considers that Defendants' motion to dismiss has been timely made. *See Baumgart*, 981 F.2d at 836.

[5] Defendants have identified and explained the relevance of twenty one key witnesses who are located abroad: six in Germany, ten in Denmark, three in France, one in the Netherlands, and one in Belgium.

7

The court is not persuaded by BBC's argument that "[b]ecause of technological advances, documents and witnesses can be easily accessed through e-mail, teleconferencing, and other such means." (Pls.' Resp. at 11, Doc. 39). Technological advances do not negate the fact that all the primary witnesses and critical documentation are located abroad and are, therefore, remote from and quite inaccessible to a Houston forum.

Germany, by contrast, would provide a forum in which the sources of proof are easily accessible. Many of the witnesses are in Germany. Many are in the bordering country of Denmark, in towns within a three-hour drive of Hamburg, Germany. A handful of witnesses hail from France, which is, according to the Defendants, about a one-hour flight from Hamburg. As such, the court finds that the sources of proof are much more accessible to a German rather than a Houston forum. As such, this factor weighs strongly in favor of a *forum non conveniens* dismissal.

2. Availability of Compulsory Process for Unwilling Witnesses

This factor is neutral. Here, the court is unable to compel the attendance of any unwilling nonparty witness who is in Germany, Denmark, or France. According to SWP, however, these witnesses are also beyond the subpoena power of the German court. Therefore, this factor does not weigh in favor of or against dismissal.

3. Costs of Obtaining Appearance of Willing Witnesses

This factor favors dismissal. It is beyond dispute that bringing a large number of witnesses from abroad to Houston would be expensive and time-consuming. *See Dtex*, 512 F. Supp. 2d at 1025 (finding that the large number and varied location of

witnesses from Mexico added to the cost of securing their attendance, even if they were willing to appear in Texas). Moreover, BBC has failed to identify a single witness in Texas with any bearing on this case. Houston, therefore, would be a particularly expensive forum in which to litigate this matter. The relative costs in this respect tip the scales in favor of Germany.

### 4. Ability to View Premises

It is highly doubtful that the ability to view the premises will be an issue in this case. Therefore, the court finds that this factor is neutral in the *forum non conveniens* analysis.

### 5. Other Practical Problems

Several other practical problems favor dismissal in this case. Transporting twenty-one witnesses from Europe will be difficult, time-consuming, and expensive. Moreover, the majority of these witnesses would require interpreters, exponentially increasing the cost and time of trial in a Houston forum. Plaintiffs argue that because this case has been designated under Rule 9(h) and will proceed as a bench trial, the parties can introduce deposition testimony in lieu of live testimony thereby saving the expense of flying multiple European witnesses to Houston. The court disagrees that the designation of this case for a bench trial somehow abrogates the need for live testimony before the court. Live testimony in this forum is important, and forcing the litigants to try their cases on deposition testimony because of the costs in transporting witnesses is not satisfactory. *See Perez & Compania (Cataluna), S.A. v. M/V Mexico I*, 826 F.2d 1449,

9

1453 (5th Cir. 1987) ("[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition is to create a condition not satisfactory to litigants.").[6]  Accordingly, the court finds that this final factor weighs in favor of dismissal.

### 6.	Conclusion Regarding the Private Interest Factors

The majority of the private interest factors weigh in favor of dismissal. Those factors that are neutral do not detract from the factors weighing in favor of dismissal. BBC is in the awkward position of arguing against the convenience of a forum that it chose for claims against it arising under the Liner Booking Note and the bills of lading. This forum selection clause specifically identifies Germany and calls for the application of German law. BBC's arguments against the convenience of Germany also ring hollow because BBC is incorporated and has its principal place of business in Germany. Moreover, the only connection to the forum is that the damaged cargo was bound for Houston, Texas. All other relevant contact occurred overseas. Weighing all of the above, the court finds that a *forum non conveniens* dismissal is warranted in this case.

### (C)	Whether the Public Interest Factors Weigh in Favor of Dismissal

Although balancing the public interest factors may not be necessary given the weight of the private interest factors in favor of dismissal, *see Baumgart*, 981 F.2d at 837, the court also finds that the public interest factors favor a *forum non* conveniens dismissal in this case. The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having a trial in a forum that is familiar

---

[6] The court acknowledges that live testimony may not be required in a German forum. The same is not true in a Houston forum; thus, the issue of live testimony remains pertinent to the *forum non conveniens* inquiry before the court.

with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999); *In re Air Crash*, 821 F.2d at 1162-63. "The central question a court must answer when considering the public interest is whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it." *Seguros Comercial Americas S.A. De C.V. v. Am. President Lines, Ltd.*, 933 F. Supp. 1301, 1313 (S.D. Tex. 1996).

Here, the most critical factor is the lack of a meaningful connection to the forum: the parties are foreign; the contracts for carriage were negotiated abroad; the witnesses are located abroad; and the damage to the cargo occurred while the vessel was in the English Channel. These facts suggest that burdening a Houston forum with this case is not appropriate. Finally, the court notes the unique posture of this case as a declaratory judgment action, which the court has discretion under the Declaratory Judgment Act to dismiss.[7] In determining whether to exercise this discretion, the court

---

[7] The Fifth Circuit has found that, in analyzing whether to decide or dismiss a declaratory judgment action, a district court should determine: (1) whether the action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether the court should exercise its discretion to decide or dismiss the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *see also Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). The first element of the *Orix Credit Alliance* test, justiciability, is satisfied in this case because there is an actual controversy between the parties. *See Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). BBC is attempting to negate or limit its liability regarding the cargo damage through this declaratory action. The second element of the *Orix Credit Alliance* test is satisfied because there is no previously-filed state suit and the Anti-Injunction Act, 28 U.S.C. § 2283, does not apply. *See Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (stating that "as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.") (emphasis in original); *see also Sherwin-Williams*, 343 F.3d at 388 n.1. Thus, the only remaining determination is whether in its discretion the court should dismiss this case.

must consider the seven nonexclusive factors articulated in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994):

> 1. whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> 2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> 3. whether the plaintiff engaged in forum shopping in bringing the suit;
>
> 4. whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> 5. whether the federal court is a convenient forum for the parties and witnesses;
>
> 6. whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> 7. whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91.  While there is considerable overlap between the *forum non conveniens* analysis and a balancing of the *Trejo* factors, the application of the *Trejo* factors add another dimension to this court's determination that a *forum non conveniens* dismissal is appropriate: considering the pending German action involving parallel parties and claims, the anticipatory filing by the Plaintiffs suggests forum shopping.  This conclusion is underscored when the court takes into account the convenience of the parties and judicial economy.

Having weighed both the private and the public interest factors, the court finds that the vast majority weigh in favor of dismissing this case on the basis of *forum non conveniens*.

III.    CONCLUSION

Accordingly, and for all of the aforementioned reasons, it is hereby

ORDERED that Defendants' motion for discretionary dismissal is GRANTED.

This case is DISMISSED on the basis of *forum non conveniens*.

SIGNED at Houston, Texas, this 15th day of January, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE